(No. 75-CC-1046—

P.L. BUTTON COMPANY, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 15, 1978.*

LAWRENCE E. JOHNSON, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

POCH, J.

This claim arises out of a cancellation of a building maintenance contract between the State of Illinois and the P. L. Button Company. The Respondent refused to pay the Claimant for the last six months of the contract. Claimant contends that it was ready, willing, and able to perform according to the terms of the contract and should be paid for the last six months.

The Respondent contends that the claim should be denied on the basis of fraud and for a failure to adequately prove damages.

Section 14 of the "Court of Claims Act," Ill. Rev. Stat., Ch. 37, §439.14), provides as follows:

"Section 14 (Fraud against the State)
Whenever any fraud against the State of Illinois is practiced or attempted by any Claimant in the proof statement, establishment, or allowance of any claim or of any part of any claim, the claim or part thereof shall be forever barred from prosecution in the Court."

The central argument of Respondent is that the four employees on the night shift turned in work cards showing that they had worked four hours when in fact, they had only worked for two or three hours. According to the testimony of Steven Button, the night shift job should only take about two and one-half to three hours. However, the Claimant estimated it would take four hours when negotiating the contract with the State.

The Court has carefully considered the record of proceedings before the Commissioner of the Court, the briefs submitted by the parties and finds that the

Claimant has not proved his entitlement to an award.

Testimony offered by the Respondent, supported by time cards covering the last three months of the contract which during that time services were rendered, a total of $3,861.42 had been overpaid by the Respondent to Claimant.

These calculations were made a result of comparing the actual hours worked by employees with the hours reported on the time cards kept by said employees.

The Court concurs with the Respondent's position that the records establish clearly, through the testimony of Steven Button, as agent of the Claimant, that the Claimant was aware of the deception being practiced through the use of two sets of time cards and such action constitutes fraud within the meaning of Section 14 of the "Court of Claims Act" which is a bar to Claimant's recovery.

Further there is a serious question as to the credibility of and the extent of damages which the Claimant attempted to prove and this Court finds that the Claimant did not meet his burden on the issue by a perponderance of evidence.

In view of the above findings, there is not need for this Court to consider the issue of sufficiency of notice to terminate the contract by the Respondent to the Claimant.

Thus, this Court finds that the claim of the Claimant should be denied on the basis of fraudulent conduct of the Claimant acting through his duty authorized agent and employee. The claim of P. L. Button Company is hereby denied.